# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

        Plaintiff,

    v.

EDWARD S. ALAMEIDA, JR., et al.,

        Defendants.

           /

CASE NO. 1:03-CV-5626-AWI-LJO-P

ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND

(Doc. 46)

I.  Screening Order

    A.  Procedural History

Plaintiff Dale Owen Dustin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 16, 2003. (Doc. 1.) On October 23, 2003, the court dismissed plaintiff's complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8. (Doc. 10.) On March 9, 2004, plaintiff filed an amended complaint. (Doc. 16.) On August 12, 2004, the court issued an order striking plaintiff's amended complaint from the record after the court determined that rather than amending his complaint, plaintiff simply submitted a photocopy of his original complaint. (Doc. 17.) After obtaining numerous extensions of time over the course of more than one year, plaintiff filed a second amended complaint on August 31, 2005. (Doc. 46.)

    B.  Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

       C.     <u>Illegibility and Failure to Comply with Rule 8</u>

Plaintiff's second amended complaint does not cure any of the deficiencies identified by the court in its order of October 23, 2003.  Plaintiff was previously notified that his complaint was "difficult to read, due to the plaintiff's small handwriting and the failure of plaintiff to utilize paragraphs and to separate out his claims."  (Doc. 10, 2:8-9.)  Plaintiff failed to cure those deficiencies and submitted a forty-one pleading that is largely illegible.  Given that plaintiff had more than one year to draft his amended complaint, plaintiff had ample time to draft a legible pleading that complied with the court's order of October 23, 2003.

The court acknowledges that plaintiff has said that he has arthritis and writing is difficult for him.  (Doc. 41, Motion, p. 2, last paragraph.)  However, there is no indication that plaintiff is incapable of making his letters larger and using more generous spacing, both between words and between lines on the page, all of which would likely result in more legible documents.  Plaintiff must find some way to submit a pleading that is improved with respect to legibility.  In addition to changing the way plaintiff sizes his letters and formats his documents, other possible options might be using a typewriter and seeking the assistance of another inmate.[1]

Further, plaintiff's second amended complaint once again fails to comply with Rule 8, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).

---

[1] Although the court has no jurisdiction to order prison officials to act, if plaintiff is able to use a typewriter but unable to access one, the court is willing to request the voluntary assistance of officials in facilitating the drafting of plaintiff's pleading.

2

Plaintiff's pleading should be short and to the point, containing only those facts necessary to state one or more claims against each defendant. Plaintiff's pleading should not contain legal arguments, citations to legal authority, or unnecessary background information. The function of the complaint is to place defendants on notice as to plaintiff's claims. It is not the function of the complaint to list every single fact relating to plaintiff's claims and it is not the function of the complaint to include all of the evidence in plaintiff's possession that he intends to use to support his claims. Plaintiff must submit a complaint to the court that meets the requirements of Rule 8.

D.  Conclusion

Plaintiff's second amended complaint shall be dismissed on the grounds that it is illegible and fails to comply with Rule 8. The second amended complaint utterly fails to comply with the court's order of October 23, 2003. The court will provide plaintiff with one final opportunity to file an amended complaint that is legible and complies with Rule 8. In his third amended complaint, as the court makes clear in its form complaint, plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and plaintiff shall not give any legal arguments or cite to any cases or statutes. Plaintiff shall separate and label his claims, so that each claim and the involvement of the defendant(s) in each claim are clear. Further, for each claim, plaintiff shall clearly and succinctly set forth the facts that plaintiff believes give rise to the claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint, filed August 31, 2005, is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a third amended complaint that is legible and complies with this order and Rule 8; and

///
///
///
///
///

4. <u>If plaintiff either fails to file a third amended complaint or files a third amended complaint that is not in compliance with this order, the court will recommend that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   September 14, 2005**               /s/ Lawrence J. O'Neill
b9ed48                                                   UNITED STATES MAGISTRATE JUDGE