# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-5626-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 41, 43, and 44) |

　　　　Plaintiff Dale Owen Dustin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 31, 2005, plaintiff filed a motion seeking preliminary injunctive relief relating to medical care and a motion seeking a preliminary injunctive relief relating to meal and mail delivery.[1] (Docs. 41, 43, 44.)

　　　　"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A

---

[1] Plaintiff's motions are largely illegible. This issue was addressed in greater detail in the court's order dismissing plaintiff's second amended complaint. The court was able to ascertain, generally, the relief requested by plaintiff in his two motions for preliminary injunctive relief, but was unable to decipher the filings in their entirety. Given that plaintiff is not entitled to any preliminary injunctive relief at this stage in the proceedings, the general illegibility of plaintiff's motions does not preclude the court from addressing them.

preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). At this juncture, plaintiff has not stated any cognizable claims for relief in this action. In an order issued concurrently with this Findings and Recommendations, plaintiff's second amended complaint was dismissed, with leave to amend, on the grounds that the pleading is illegible and fails to comply with Federal Rule of Civil Procedure 8. <u>Thus, at this time, plaintiff is not entitled to any type of preliminary injunction, as the court lacks jurisdiction to issue any such orders</u>.

Plaintiff's previous motion for preliminary injunctive relief was denied on July 1, 2005. (Doc. 36.) By virtue of the Findings and Recommendations and the order issued addressing that motion, plaintiff has been notified of the court's lack of jurisdiction over prison officials at this juncture. (Doc. 33, 36.) For this reason, it appears that plaintiff is intentionally and in bad faith disregarding the court's prior order and the court's prior notification of the law on this issue by continuing to seek relief he is not entitled to. Therefore, the court recommends plaintiff be warned that if he again files a baseless motion for preliminary injunctive relief, he will be ordered to show cause why sanctions should not be imposed against him, up to and including dismissal of this action.

Based on the foregoing, the court HEREBY RECOMMENDS that (1) plaintiff's motions for preliminary injunctive relief, filed August 31, 2005, be DENIED, and (2) plaintiff be warned that

///

1  if he again files a baseless motion for preliminary injunctive relief, he will be ordered to show cause
2  why sanctions should not be imposed against him, up to and including dismissal of this action.
3        These Findings and Recommendations will be submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5  **days** after being served with these Findings and Recommendations, plaintiff may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9  1153 (9th Cir. 1991).

11  IT IS SO ORDERED.

12  **Dated:    September 14, 2005**          /s/ Lawrence J. O'Neill
    b9ed48                                              UNITED STATES MAGISTRATE JUDGE